E-FILED
Thursday, 05 November, 2026 11:24:53 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| **GEORGE KRUEGER, JR.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-4028** |
| | ) | |
| **ANDREA WEBB *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiff George Krueger, Jr., an inmate at Big Muddy Correctional Center ("BMCC"), has filed a Motion for Leave to File an Amended Complaint (Doc. 11) under 42 U.S.C. § 1983 and a Motion for Counsel (Doc. 12) that are before the Court.

**I. Amended Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's amended pleading and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the pleading, the court accepts the factual allegations as accurate and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

Plaintiff's pleading alleges constitutional violations at East Moline Correctional Center ("EMCC") against the following EMCC officials: Warden Mark Williams, Assistant Warden Paula Baker, Lieutenant Jeffrey Nimrick, and Corrections Officers Kinney and Andrea Webb. Plaintiff also alleges deprivations at BMCC against Warden Kimberly Huarre, Corrections Sergeant Duenos, and Centurion Health.

Plaintiff transferred to EMCC on November 6, 2024, suffering from left shoulder rotator cuff and right knee issues. (Doc. 11 at 5.) On December 21, 2024, Plaintiff began working as a carpenter but was terminated on February 13, 2025, after receiving an Offender Disciplinary Report ("ODR") that was later "thrown out." (*Id*. at 5, 14.) Plaintiff claims that Defendant Webb, who was the hearing officer on the ODR, began retaliating and harassing him after Plaintiff wrote a grievance against Webb for "violating his rights to a fair and balanced hearing." (*Id*.)

In August 2024, Plaintiff, along with other inmates, attended a college orientation to begin a "Construction Tech Vocational Class" given by Lakeland College, where a portion of the curriculum was taught in EMCC's Maintenance building. Plaintiff asserts that Defendant Kinney later falsely informed the Dean of Lakeland College that Plaintiff could not attend the class because he was banned from the Maintenance building. (*Id*.)

Plaintiff later filed a grievance regarding the maintenance building ban, which Plaintiff claims resulted in his transfer to segregation for three days with no reason given, based on the orders of Defendant Baker. Sometime later, Plaintiff was admitted into the

class, but claims that after Defendant Kinney complained, and in "corroboration" with Defendants Williams and Nimrick, Plaintiff was transferred to BMCC on October 29, 2025. Plaintiff contends he should have been placed on a hold due to medical appointments scheduled for his left shoulder rotator cuff and right knee issues. (*Id.*) The remainder of Plaintiff's pleading alleges constitutional deprivations that occurred at BMCC against Defendants Duenos, Huarre, and Centurion Health.

**C. Analysis**

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 11) is granted.

To make out a prima facie case of First Amendment retaliation, a plaintiff must establish that (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff's account is sufficient to state a First Amendment retaliation claim against Defendant Webb for his alleged harassing conduct after Plaintiff filed a grievance regarding Webb's impartiality during a disciplinary hearing and Defendant Baker for placing Plaintiff in segregation for three days without providing a reason. Plaintiff's claims against Defendants Kinney, Nimrick, and Williams are allowed as Plaintiff's facts permit the inference he was transferred because he exercised a First Amendment right.

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious

medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective component, a plaintiff must demonstrate that his medical condition is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* A defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff does not state a plausible deliberate indifference claim without facts alleging that an official knew about his serious medical conditions and the need for the scheduled appointments but deliberately disregarded the resulting risk to his health by transferring him, which he does not provide.

The Seventh Circuit "has noted that an inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). "Whether a prisoner has a liberty interest implicated by special confinement relies on whether the confinement imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "In assessing whether disciplinary segregation amounts to a constitutional violation, [the Seventh Circuit] looks

to 'the combined import of the duration of the segregative confinement *and* the conditions endured.'" *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (emphasis in original)).

Plaintiff's placement in segregation without additional allegations concerning any unusually harsh conditions does not constitute an atypical and significant hardship sufficient to trigger procedural due process protections. Additionally, Plaintiff's termination from his carpenter job, even if based on a disciplinary report that was later dismissed, does not establish a constitutional deprivation. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (prisoners do not have a constitutional right to a particular job or assignment).

Title 28 U.S.C. § 1391(b) guides the proper venue for federal civil rights actions filed under 42 U.S.C. § 1983. As provided therein, § 1983 suits may be brought only in (1) the judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C § 1391(b).

BMCC is located in Jefferson County, Illinois, which lies within the jurisdiction of the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. § 93(c) (listing the Illinois counties that comprise the Southern District of Illinois). Thus, Plaintiff must file a separate suit for the violations alleged at BMCC in the Southern District of Illinois.

## II. Recruitment of Counsel

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The Court can only ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff's motion and supplement show that he has satisfied his threshold burden by demonstrating that he attempted to find counsel independently. (Doc. 12).

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). "These two considerations 'are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand.'" (*Id.*) (quoting *Pruitt*, 503 F.3d at 655).

Specifically, courts should consider "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Eagan*, 987 F.3d at 682. "This assessment of the

plaintiff's apparent competence extends beyond the trial stage of proceedings." *Id*. The assessment "must include 'the tasks that normally attend litigation: evidence gathering, preparing[,] and responding to motions and other court filings, and trial.'" *Id.* "Although there are no fixed criteria for determining whether a plaintiff is competent to litigate his … case, a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Id*. at 682-83.

The Court finds recruitment of counsel at this early stage of the proceedings is not warranted. As explained below, entry of the Court's Merit Review Order begins the service phase. After Defendants have been served and filed their answers to Plaintiff's complaint, which usually takes sixty days, the Court will enter a scheduling order that provides guidance and deadlines to assist Plaintiff during the discovery process. Therefore, the Court denies Plaintiff's motion for recruitment of counsel, with leave to renew on a more developed record.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 11) is GRANTED. The Clerk of the Court is DIRECTED to docket Plaintiff's amended pleading and terminate Sergeant Duenos, Kimberly Huarre, and Centurion as parties.**

2) **Plaintiff's Motion for Counsel (Doc. 12) is DENIED**

3) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states First Amendment retaliation claims against Defendants Baker, Kinney, Nimrick, Webb, and Williams as outlined in the Court's Order.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait**

until counsel has entered an appearance before filing any motions to give Defendants notice and an opportunity to respond to those motions. The Court will deny motions filed before counsel has entered an appearance as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter an order setting discovery and dispositive motion deadlines.

6) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.

**9) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

**10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

**11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

**12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**13) The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED November 5, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE